IN THE CIRCUIT COURT FOR THE SIXTH JUDICIAL CIRCUIT
IN AND FOR PINELLAS COUNTY, FLORIDA
CIVIL DIVISION

**TODD ROBERT PETROVIC,**

    Plaintiff,

v.                                                  CASE NO:

**MICHAEL TYLER WHITE, and
AMICA MUTUAL INSURANCE COMPANY,**
    Defendants.
_____/

## COMPLAINT

COMES NOW Plaintiff, TODD ROBERT PETROVIC, by and through the undersigned attorney, and sues the Defendants, MICHAEL TYLER WHITE and AMICA MUTUAL INSURANCE COMPANY, hereinafter referred to as "AMICA" and alleges as follows:

### JURISDICTIONAL BASIS

1. This is an action for damages which exceeds Fifteen Thousand ($15,000.00) Dollars, exclusive of costs and interest.

2. The Sixth Judicial Circuit Court has venue pursuant to Florida Statutes, Section 47.011 because each cause of action accrued in Pinellas County, Florida.

3. The Sixth Judicial Circuit Court has personal jurisdiction over Defendant, MICHAEL TYLER WHITE, pursuant to *Florida Statutes*, Section 48.193, because he committed a tortious act within the State of Florida.

4. The Sixth Judicial Circuit Court has personal jurisdiction over Defendant, AMICA, pursuant to Florida Statutes, Section 48.193 because said company contracted to insure persons, property, and/or risks located within the State of Florida at the time of contracting and because said

company operated, conducted, engaged in, or carried on a business or business venture within the State of Florida.

## PARTIES

5. Plaintiff, TODD ROBERT PETROVIC, is now, and was at the time of the incident a resident of Pinellas County, Florida.

6. Defendant, MICHAEL TYLER WHITE, is now, and was at the time of the incident, a resident of Pinellas County, Florida.

7. Defendant, AMICA, is now, and was at the time of the incident, a corporation licensed to and doing business within the State of Florida.

## FACTS

8. On or about May 13, 2016, TODD ROBERT PETROVIC owned and operated a certain 2006 Jeep Wrangler.

9. On or about May 13, 2016, MICHAEL TYLER WHITE owned and operated the certain 2012 Dodge Ram 1500.

10. At all times material hereto, on 49th Street, at or near the intersection of 38th Avenue North, in Pinellas County, Florida, MICHAEL TYLER WHITE operated a 2012 Dodge Ram 1500 in a manner that caused him to collide with the 2006 Jeep Wrangler operated by Plaintiff, TODD ROBERT PETROVIC.

11. At all times material herein, Defendant, MICHAEL TYLER WHITE owed Plaintiff, TODD ROBERT PETROVIC, the duty to operate the certain 2012 Dodge Ram 1500 in a careful and prudent manner so as to not cause same to collide with the vehicle occupied by Plaintiff, TODD ROBERT PETROVIC.

12. At all times material hereto, MICHAEL TYLER WHITE breached that duty by carelessly and negligently operating the certain 2012 Dodge Ram 1500 in a manner that caused the collision with the vehicle occupied by Plaintiff, TODD ROBERT PETROVIC.

13. As a result of the collision on or about May 13, 2016, caused by the operation of the 2012 Dodge Ram 1500, MICHAEL TYLER WHITE caused Plaintiff, TODD ROBERT PETROVIC, to suffer serious and permanent injury.

## COUNT I

14. Plaintiff, TODD ROBERT PETROVIC, realleges and adopts paragraphs one (1) through thirteen (13), as if set out in full hereafter.

15. At all times material herein, Defendant MICHAEL TYLER WHITE, owed a duty to Plaintiff, TODD ROBERT PETROVIC, to operate the 2012 Dodge Ram 1500 in a careful and prudent manner so as not to cause same to collide with the vehicle occupied by Plaintiff, TODD ROBERT PETROVIC.

16. At all times material herein, Defendant, MICHAEL TYLER WHITE, breached said duty when Defendant, MICHAEL TYLER WHITE, carelessly and negligently operated the 2012 Dodge Ram 1500 in a manner that caused the collision with the vehicle occupied by Plaintiff, TODD ROBERT PETROVIC.

17. As a direct and proximate result of the subject collision and the negligence of Defendant MICHAEL TYLER WHITE, Plaintiff, TODD ROBERT PETROVIC, has sustained the following past, present, and future damages:

a. Bodily injury;

b. Great physical pain and suffering;

c. Disability and inability and loss of capacity to lead and enjoy a normal life;

d. Inconvenience;

e. Physical impairment;

f. Disfigurement and scarring;

g. Loss of earnings and/or earning capacity;

h. Aggravation of an existing disease or physical defect;

i. Permanent injury within a reasonable degree of medical probability; and

j. Medical and related expenses, past, present, and future, incurred in seeking a cure for her injuries.

## COUNT II

18. Plaintiff, TODD ROBERT PETROVIC, realleges and incorporates by reference paragraphs one through seventeen (17) of the Complaint.

19. At all times material herein, MICHAEL TYLER WHITE did not carry adequate automobile insurance coverage for bodily injury liability.

20. At all times material hereto, Plaintiff, TODD ROBERT PETROVIC contracted with Defendant, AMICA, for liability insurance which included coverage for underinsured/uninsured motorist coverage. Defendant possesses a copy of said policy and is aware of its contents (See Attached Exhibit A).

21. At all times material hereto, the aforementioned underinsured/uninsured motorist coverage policy provided coverage for Plaintiff, TODD ROBERT PETROVIC, for bodily injuries and losses sustained while an occupant of the 2006 Jeep Wrangler under the aforementioned

4

circumstances.

22. Plaintiff, TODD ROBERT PETROVIC, qualifies as an "Insured" under the liability insurance which included coverage for underinsured/uninsured motorist coverage contracted for by TODD ROBERT PETROVIC with Defendant, AMICA, and TODD ROBERT PETROVIC, is entitled to benefits under this coverage because pursuant to *Young v. Progressive Southeastern Ins. Co.*, 753 So.2d 80 (Fla. 2000), MICHAEL TYLER WHITE, which is a self-insured motorist, should be deemed an underinsured motorist.

23. Plaintiff, TODD ROBERT PETROVIC, is entitled to benefits under this coverage because his injuries and losses exceed the limits of any automobile liability coverage which MICHAEL TYLER WHITE had available.

24. Plaintiff, TODD ROBERT PETROVIC, has complied with all conditions precedent to the filing of this action.

WHEREFORE, Plaintiff, TODD ROBERT PETROVIC, demands a trial by jury and judgment against Defendants, MICHAEL TYLER WHITE and AMICA, for an amount within the jurisdictional limits of this Court, to wit: More than Fifteen Thousand ($15,000.00) Dollars plus costs, and for such other relief to which the Plaintiff may be justly entitled.

DATED this 26th day of April, 2017, in Saint Petersburg, Pinellas County, Florida.

/s/ Christian Pipas
**Christian Pipas, Esq.**
PIPAS LAW GROUP
360 Central Avenue, Suite 1570
St. Petersburg, FL 33701
Phone: (727) 888-3925
Fax:    (727) 258-0082
Email: Christian@PipasLaw.com
Florida Bar No.: 102212
Attorney for Plaintiff